UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES *ex rel.* <br> MARK ELLIOTT, <br><br> Plaintiff, <br><br> vs. <br><br> THE BRICKMAN GROUP Ltd. LLC. <br><br> Defendant. | Case No. 1:10CV392 <br><br> Judge Barrett <br><br> **AMENDED AGREED** <br> **PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), by agreement of counsel and for good cause shown, the Court hereby GRANTS the Amended Agreed Protective Order pertaining to the documents and information produced attendant to this matter.

IT IS HEREBY ORDERED THAT:

1. This Amended Agreed Protective Order pertains to all document productions, written interrogatory responses, responses to requests for admission, electronically-stored information, deposition transcripts and recordings, tape recordings, witness statements and any other information produced, by either party or any non-party, in association with the above-captioned case number. Such items shall be collectively referenced by the term "Litigation Materials" in the provisions set forth below.

2. Upon execution by the Court, this Amended Agreed Protective Order supersedes and supplants the prior Agreed Protective Order entered under this case number on February 22, 2012. Upon execution of this Order, no provision of the prior Order shall have any effect on the disclosure or production of Litigation Materials by any party or non-party, no matter when proffered, in association with this case number.

3. The provisions of this Amended Agreed Protective Order are retroactive. That is,

the provisions set forth below apply to all productions and disclosures of Litigation Materials previously produced or exchanged in relation to this matter, as well as to future productions or disclosures of Litigation Materials.

4. The parties hereby agree any and all future depositions will be both transcribed and video-recorded. If any deposition transcriptions or recordings are filed with the Court, the parties hereby agree to file them under seal.

5. Any and all Litigation Materials shall not be used for any purpose other than preparation and presentation of each party's case, under the terms and conditions set forth in this Amended Agreed Protective Order, and shall not be used in any lawsuit, claim, or cause of action other than in this case, Case No. 1:10CV392.

6. Litigation Materials shall not be used or disclosed, directly or indirectly, to persons or entities other than:

   (a) The Court or persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action;

   (b) Counsel for any party to this action and regular employees of such counsel to the extent necessary to assist counsel in the preparation of this litigation; and

   (c) Experts and witnesses consulted by such counsel in connection with this proceeding to the extent necessary to assist counsel in the preparation of this litigation.

7. If Litigation Materials are disclosed to individuals set forth in paragraph 3(c), the party making the disclosure must give advance notice to the other party of the expected disclosure and if the party making the disclosure enters into a separate confidentiality agreement with such individual, the party must disclose to the other party a copy of the confidentiality agreement. Prior to disclosing any Litigation Materials to individuals set forth in paragraph 3(c), those individuals shall be first shown a copy of this Amended Agreed Protective Order and shall

agree in writing to be subject to its terms. A copy of such written agreement shall promptly be disclosed to the other party and filed with the Court.

8. The parties and the parties' legal counsel are specifically prohibited from having any direct or indirect contact with representatives of any media outlet regarding any matters pertaining to the subject matter of this case, including, but not limited to, the parties, third parties, witnesses, and Litigation Materials related to this case. The parties and the parties' legal counsel also are specifically prohibited from posting or disclosing the Litigation Materials on any website, from disclosing or distributing the Litigation Materials through the Internet, and from disclosing or distributing the Litigation Materials to media outlets of any kind.

9. The parties hereby agree and acknowledge that Duke Realty, a national property management company, is not a party to this litigation and that neither The Brickman Group Ltd, LLC nor its legal counsel represents Duke Realty in any capacity. If a party wishes to serve documents, subpoenas, notices or other requests upon Duke Realty, the parties must do so though Duke Realty's local counsel. That said, nothing herein shall prevent the Brickman Group Ltd., LLC from having communications with Duke Realty regarding this litigation or any other issues that may arise in the course of the business relations between the two companies.

10. Nothing herein shall constitute a waiver of any claim of privilege, or waiver of any other protection from or objection to any discovery requests.

11. The inadvertent production of any document or other information shall be without prejudice to any subsequent assertion of privilege, work-product protection or objection on grounds of relevancy. Inadvertent disclosure of a privileged document shall not be deemed a waiver of any privilege with respect to that document or other documents or information involving similar subject matter. Further, the parties agree not to assert that any waiver of any

privilege occurred on the basis of inadvertent production.

12. Within twenty-one (21) days of the settlement, final adjudication or other final resolution of Case No. 1:10CV392, any and all documents, and any copies or reproductions thereof, shall be returned to the party who produced such documents.

13. If any Litigation Materials subject to this Amended Agreed Protective Order are used in any Court, Arbitration or Mediation proceeding, such Litigation Materials shall nonetheless retain their status under this Order. The parties shall take all steps reasonably required to protect the confidentiality of such Litigation Materials during such use, including, but not limited to, filing them under seal with the Court.

14. The terms of this Amended Agreed Protective Order shall continue unless and until modified and/or terminated by further order of this Court or written agreement of the parties.

15. Violation of this Amended Agreed Protective Order will result in sanctions, up to and including the dismissal of this matter and the awarding of appropriate attorneys' fees and costs. Further, the parties each reserve the right to seek whatever other relief might be necessitated by a breach of this Order, including the filing of collateral actions.

ENTERED this 25th day of March 2013.

                                                 s/ Michael R. Barrett
                                                 BARRETT, J.

**APPROVED FOR ENTRY:**

/s/ Steven P. Goodin
Steven P. Goodin (00717130
Katherine M. Lasher (0070702)
*Attorneys for Defendant*
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-2845
Phone: (859) 578-3060
Fax:    (859) 525-0214
E-mail: sgoodin@graydon.com

/s/ Eric C. Deters
Eric C. Deters
*Attorneys for Plaintiff-Relator*
Eric C. Deters & Associates, P.S.C.
5247 Madison Pike
Independence, KY 41051

Dated: March 14, 2013